**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DIANA MORALES,**

    **Plaintiff,**

v.                                                             Case No. 8:09-cv-1068-T-27TBM

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**
_____/

# **O R D E R**

THIS MATTER is before the court on **Defendant's Motion to Dismiss Plaintiff's Complaint** (Doc. 13) and Plaintiff's response thereto (Doc. 14). By his motion, the Commissioner seeks dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) due to Plaintiff's failure to seek judicial review within sixty days as required by section 205(g) of the Social Security Act. In response, Plaintiff urges that her Complaint was timely delivered to the Clerk of Court pursuant to Rule 5(d)(2)(A), Fed. R. Civ. P., and the Clerk's docketing of the Complaint on the date after it was received is of no consequence.

The issue presented here is the timeliness of Plaintiff's Complaint. Both parties agree that June 8, 2009, is the date by which Plaintiff must have commenced her action. *See* (Docs. 13 at 2; 14 at 1). Defendant urges that the docket reflects Plaintiff's Complaint was

not filed until June 9, 2009, and thus her action is barred. Plaintiff contends that her Complaint was "delivered" to the Clerk, as evidenced by the signed return receipt, dated June 8, 2009, and thus must be considered timely filed.[1] She urges the fact that the Complaint was not docketed until the next day does not affect the date her Complaint was received by the clerk's office.

Federal Rule of Civil Procedure 5 provides in pertinent part that "[a] paper is filed by delivering it to the clerk." Fed. R. Civ. P. 5(d)(2)(A). Courts have recognized that once a paper is in the custody of the clerk, it is deemed "filed." *See Royall v. Nat'l Ass'n of Letter Carriers, AFL-CIO*, 548 F. 3d 137, 141-42 (D. D.C. 2008) (holding that receipt by the clerk within the required time period satisfies the timely filing requirement for a notice of appeal in a civil case where notice of appeal was electronically filed within thirty-day time frame, but was not docketed until two months later); *Hernandez v. Aldridge*, 902 F. 2d 386, 388 (5th Cir. 1990) (complaint marked "received" by the clerk within thirty-day requirement was determined to be timely filed despite fact that clerk had not "filed" complaint until nineteen days later).

Whether considered under Fed. R. Civ. P. 12 or 56, the motion is appropriately denied. Plaintiff has demonstrated that the Complaint was timely filed with the clerk June 8, 2009. That it was not docketed until the following day is of no consequence.

---

[1] The court has verified that the signature on the return receipt card attached as Exhibit "A" (Doc. 14-2) to Plaintiff's response is that of one of the docketing clerks.

Accordingly, Defendant's Motion to Dismiss and Memorandum of Law in Support (Doc. 13) is **denied**. Defendant is directed to file his Answer to Plaintiff's Complaint within twenty (20) days from the date of this Order.

**Done and Ordered** at Tampa, Florida, this 3rd day of November 2009.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record